**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

YURIELVIS WILLIAMS DOMINGUEZ VERANE,

      Petitioner,

v.

                                    Case No. 1:26-cv-02078-MIS-JHR

TODD BLANCHE, in his official capacity as
Acting Attorney General of the United
States; MARKWAYNE MULLIN, in his
official capacity as Secretary of the U.S.
Department of Homeland Security; DAVID
VENTURELLA, in his official capacity as
Acting Director of the U.S. Immigration and
Customs Enforcement; MARY DE ANDA-
YBARRA, in her official capacity as El Paso
Field Office Director, U.S. Immigration and
Customs Enforcement; and WARDEN of the
Torrance County Detention Center,

      Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

      **THIS MATTER** is before the Court on Petitioner Yurielvis Williams Dominguez Verane's

pro se Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed June 29, 2026.

Respondents Todd Blanche, Markwayne Mullin, David Venturella, and May De Anda-Ybarra

("Federal Respondents"),[1] filed a Response on July 14, 2026, ECF No. 7.[2]

---

[1]      Respondent Warden, Torrance County Detention Center, did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, see, e.g., Intriago-Sedgwick v. Noem, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, see Francisco v. Dedos, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

[2]      The Court consolidated identical cases 1:26-cv-02078-MIS-JHR and 1:26-cv-02171-DHU-KRS sua sponte, ECF No. 9, before seeing that Respondents filed a Motion for Consolidation, ECF No. 8.

Petitioner is a citizen of Cuba, see id. at 2, who is challenging his custody on constitutional grounds and seeking release or, alternatively, a bond hearing at which the Government bears the burden of proof, see Pet. at 8-9, ECF No. 1.

Petitioner entered the United States without inspection on or about March 2, 2021. Resp. at 2, ECF No. 7. He was arrested by Border Patrol and subsequently released on his own recognizance, id. On April 12, 2026, Petitioner was arrested in Florida for burglary of building materials. Id. at 3. He has a pending felony investigation from the arrest. Id. at 4. ICE subsequently took Petitioner into custody and he remains in detention. See id. at 4.

Respondents argue for preservation purposes that Petitioner is subject to 8 U.S.C. § 1225 but acknowledge "that the Tenth Circuit has ruled otherwise in Santillan Quiroz v. Mullin, and that its recent ruling is binding on this Court." Id. at 4-5 (citing ___ F.4th ___, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026)) (footnote omitted). Respondents "do not object to an order requiring a bond hearing" but "do object to . . . immediate release." Id. at 5.

The Court finds this case falls under Santillan Quiroz. 2026 WL 1876709, *8. Section 1226(a) governs Petitioner's detention.[3]

 "Congress invested federal courts with discretion when it comes to supplying habeas relief—providing that they 'may' (not must) grant writs of habeas corpus, and that they should do so only as 'law and justice require.'" Brown v. Davenport, 596 U.S. 118, 132 (2022) (first quoting 28 U.S.C. § 2241, then quoting 28 U.S.C. § 2243). Habeas corpus "is an 'adaptable remedy,' and

---

[3]    Respondents do not argue Petitioner is subject to 8 U.S.C. § 1226(c). See generally Resp., ECF No. 7. Under similar circumstances, however, this Court has found that an alien released on bond and arrested for a crime falling under 8 U.S.C. § 1226(c)(1)(E)(ii) was subject to mandatory detention under 8 U.S.C. § 1226(c). Bodden Rose v. Warden, No. 2:26-CV-01566-MIS-JFR, 2026 WL 1552301, at *1 (D.N.M. June 2, 2026). Section 1226(c)(1)(E)(ii) requires the mandatory detention of any alien who "is charged with, is arrested for . . . or admits committing acts which constitute the essential elements of any burglary, . . ." Here Petitioner was arrested for felony burglary. Resp. at 3, ECF No. 7.

the 'precise application and scope' of the review it guarantees may change 'depending upon the circumstances.'" Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103, 152 (2020) (Breyer, J., concurring) (quoting Boumediene v. Bush, 553 U.S. 723, 779 (2008)).

Under the unique facts of this case, the Court finds that ordering Petitioner's immediate release is not the appropriate remedy. Petitioner was arrested for felony burglary. Resp. at 3, ECF No. 7. The Court concludes that ordering a bond hearing is the appropriate remedy in this case, as the Court finds that whether and under what conditions Petitioner should be released is better left to the sound discretion of an immigration judge at a bond hearing. See Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873, *7 (D.N.M. Jan. 13, 2026).

Accordingly, it is **HEREBY ORDERED** that:

1. Petitioner Yurielvis Williams Dominguez Verane's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to provide Petitioner with an individualized and constitutionally adequate bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a) within seven days of the date of this Order;

3. The Immigration Judge shall not consider 8 U.S.C. § 1225(b) or Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025), and if the Immigration Judge finds that Petitioner shall remain in detention, the Immigration Judge shall adequately explain the reasons for detention such that this Court can determine whether the bond hearing was constitutionally adequate;

4. Respondents shall file a status report within three days of Petitioner's bond hearing advising the Court as to whether bond was granted or denied, and shall attach the Immigration Judge's Order thereto; and

5.   The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction to enforce this Order.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE